Lary FEEZOR, Plaintiff,

v.

**DEL TACO, INC.; Glasshouse Associates, LLC; and Does 1 through 20, Defendants.**

**No. 04 CV 0097 J RBB.**

United States District Court, S.D. California.

March 24, 2005.

Lynn Hubbard, III, Scottlynn J. Hubbard, IV, Law Offices of Lynn Hubbard III, Chico, CA, for Plaintiff.

James C. Mason, Roddy and Associates, Vista, CA, for Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

JONES, District Judge.

This matter comes before the Court on Plaintiff Lary Feezor's ("Plaintiff") January 14, 2005 Motion for Summary Judgment against Defendants Del Taco Inc., Glasshouse Associates, LLC, and Does 1 through 20 ("Defendants"). [Doc. No. 22.] On February 22, 2005, Defendants opposed the Motion. [Doc. No. 27.] Plaintiff filed a Reply on February 24, 2005. [Doc. No. 30.] All parties are represented by counsel. The Court has determined the issues presented herein are appropriate for decision without oral argument. *See* Civ. L.R. 7.1.d.1. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion.

### Background

On January 22, 2004, Plaintiff properly served Defendants with Summons and Amended Complaint, alleging he encountered architectural barriers that denied him full and equal enjoyment of a restaurant owned and operated by Defendants. (Compl.¶ 18.) The Complaint alleged six causes of action: (1) discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"); (2) discrimination in violation of the Disabled Persons Act; (3) discrimination in violation of the Unruh Civil Rights Act ("UCRA"); (4) denial of full and equal access to a person with physical disabilities in a public facility; (5) unfair competition in violation of the Unfair Business Practices Act; and (6) negligence per se. (Compl.¶¶ 28–98.)

Plaintiff is a paraplegic who requires the use of a wheelchair and a mobility equipped vehicle, when traveling about in public. (Compl.¶ 7.) Defendants are the owners, operators, and lessors and/or lessees of a Del Taco restaurant located at 3106 Sports Arena Boulevard, San Diego CA., 92110 (the "Restaurant"). (Compl. ¶ 9; Feezor Decl. Ex. B at 2 & Ex. D at 2.) On November 2, 2003, September 10, 2004, and January 10, 2005, Plaintiff visited the Restaurant. (Pl.'s Mem. of P. & A. at 2.) On each of those three visits, Plaintiff allegedly encountered architectural barriers

in violation of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") that denied him full and equal enjoyment of the premises. (*Id.*)

Plaintiff now moves for summary judgment, under Fed.R.Civ.P. 56, on his ADA and UCRA claims. Specifically, Plaintiff seeks minimum statutory damages and injunctive relief.

### Legal Standard

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Fed. R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. 2505.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. The moving party may satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id.* at 322–23, 106 S.Ct. 2548. "The district court may limit its review to the documents submitted for purpose of summary judgment and those parts of the record specifically referenced

therein." *Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1030 (9th Cir.2001). Therefore, the court is not obligated "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allan,* 91 F.3d 1275, 1279 (9th Cir.1996) (citing *Richards v. Combined Ins. Co.,* 55 F.3d 247, 251 (7th Cir.1995)). If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159–60, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

If the moving party meets the initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *see also Anderson,* 477 U.S. at 252, 106 S.Ct. 2505 ("The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient."). Rather, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 56(e)) (internal quotations omitted).

When making this determination, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary

judgment." *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

### Discussion

Plaintiff alleges that on each of his three visits to the Restaurant he encountered architectural barriers that violate ADAAG standards. (Pl.'s Mem. of P. & A. at 3.) Moreover, Plaintiff alleges this noncompliance resulted in the denial of his right to equal and full enjoyment of the premises as provided by the ADA and UCRA. (*Id.*) Defendants have stipulated to the alleged ADA violations and agreed to remove all alleged architectural barriers. (Opp'n at 1.) Therefore, the amount of damages to which Plaintiff is entitled is the only issue remaining.

Plaintiff seeks statutory damages for each incident where he was denied full and equal enjoyment of the Restaurant. (Pl.'s Mem. of P. & A. at 3.) In contrast, Defendants argue that Plaintiff is entitled to recover for only a single obstructed visit. (Opp'n at 2.)

Under UCRA, Cal. Civ.Code § 51, all persons are "entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ.Code § 51(b). In addition, a violation of an individual's rights under the ADA shall also constitute a UCRA violation. Cal. Civ.Code § 51(f). Under Cal. Civ. Code § 52(a), any person who "denies, aids or incites a denial, or makes any discrimination or distinction contrary to [UCRA] is liable for *each and every offense* for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than four thousand dollars ($ 4,000)[.]" Cal. Civ.Code § 52 (emphasis added); *see also Doran v. Embassy Suites Hotel,* 2002 WL 1968166, 2002 U.S. Dist. LEXIS 16116 (N.D.Cal.2002) (holding that a defendant is liable for each instance of noncompliance with UCRA).

The Ninth Circuit has extended the right to recover under UCRA to each incident of deterrence, meaning a disabled plaintiff can recover the statutory minimum each time a defendant's noncompliance with the ADA and UCRA deterred the plaintiff from visiting a particular establishment. *Lentini v. Cal. Ctr. for the Arts,* 370 F.3d 837, 847 (9th Cir.2004); *Arnold v. United Artists Theatre Circuit,* 866 F.Supp. 433, 439 (N.D.Cal.1994). Defendants argue that the change in law impliedly limits the damages previously available by establishing that a plaintiff may recover for multiple incidents *only* where deterrence is the basis for recovery. Specifically, Defendants contend that because Plaintiff "admittedly kept returning to the [Restaurant] there was no deterrence and no reason to award multiple damages." (Opp'n at 3.) The Court disagrees.

As an initial matter, Defendants cite no legal authority for this interpretation. Moreover, in expanding UCRA's reach beyond denial of equal access upon actual visitation to include liability for incidents of deterrence, courts have assumed that disabled plaintiffs remain entitled to damages for each time he or she actually visited the offending establishment. *See Botosan v. Fitzhugh,* 13 F.Supp.2d 1047, 1051 (S.D.Cal.1998) (suggesting that damages are available for each visit and for each incident of deterrence). Contrary to Defendants' position, the allowance of damages under UCRA for incidents of deterrence does not limit the damages previously available under the statute. A

plaintiff may still recover for each actual visit to a facility that is in violation of statutory standards. Such an interpretation is supported by case law and is consistent with the plain language of UCRA.

As stated above, Defendants admit the existence of architectural barriers that denied Plaintiff of full and equal enjoyment of the premises. (Opp'n at 1.) Moreover, it is undisputed that Plaintiff visited the Restaurant on three occasions. (Pl.'s Mem. of P. & A. at 1.) Plaintiff presents no evidence of actual damages. Therefore, the Court finds Plaintiff is entitled to the statutory minimum of $12,000—$4,000 for each time he patronized the Restaurant. In addition, Defendants have agreed to modify the premises to bring it into compliance with ADA requirements. (Opp'n at 1.) Therefore, the Court finds Plaintiff is entitled to injunctive relief. Accordingly, the Court GRANTS Plaintiff's Motion in its entirety.

### Conclusion

For the foregoing reasons, the Court finds that Plaintiff is entitled to recover $12,000 in statutory damages and injunctive relief. Accordingly, the Court **GRANTS** Plaintiff's Motion for Summary Judgment.

**IT IS SO ORDERED.**